**CRAWFORD v. POPE & TALBOT, Inc.**

**No. 225 of 1951.**

United States District Court
E. D. Pennsylvania.

March 27, 1952.

Freedman, Landy & Lorry, Philadelphia, Pa., for libellants.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondents.

CLARY, District Judge.

This is a companion case to the case of Lucibello v. Pope and Talbot, Inc., D.C., 103 F.Supp. 411. The discussion in the opinion in that case filed concurrently herewith is equally applicable to the facts of this case. I have found that the respondent is liable for damages because of the unseaworthy condition of the vessel in that its lighting system was defective and that it was guilty of negligence in failing to provide a safe place to work. To the extent that the facts in this case differ from the Lucibello case, the differences will be reflected in the following findings of fact and conclusions of law.

Findings of Fact

I adopt as my findings of fact the following requests of libellant for findings of fact: Nos. 1 to 16 inclusive, 18 to 20 inclusive, and 22.

I also make the following findings of fact in lieu of those requested by the libellant and not affirmed.

17. In the afternoon of February 12, 1950, while National's employees were working in the forward or No. 1 deep tanks, the ship ran steam into the pipes in the after or No. 2 tanks. This caused the kerosene, which had been recently freely applied to these pipes, to vaporize and create a foggy misty condition in the air of the lower hold with acrid fumes irritating to the eyes. No notice of this, before or after it was done, was given to National's employees generally or the libellant specifically.

21. Libellant, following his release from the hospital, was confined to bed at home for two weeks after which he was required to use crutches and a cane and received physical therapy and industrial therapy treatments until October of 1950. There is some slight residual deformity involving the base and head of the left fifth metatarsal bone with some post-traumatic arthritis of the metatarsal-phalangeal joint, which

is somewhat painful but not disabling. He has occasional pain in the lower back and left foot and leg due to the bruising and straining of the lumbosacral joint and the fractures of the left fifth metatarsal bone. He also has occasional pain in the region of the coccyx. These conditions will not be permanent and he has made a good medical recovery.

23. Libellant returned to his work in December of 1950 and during the year 1951 his earnings totaled the sum of $3500, the same amount as his previous full year's earnings at the same occupation in 1949.

24. Prior to the accident, libellant, though afflicted with a hemiplegia from infancy, was able to do his work capably and satisfactorily. He had been engaged in ship cleaning work for approximately one year prior to the accident and had earned about $3500. His earning capacity in the work in which he was engaged at the time of the accident and is still engaged was $3500 per annum.

25. Libellant has effected a good medical recovery and his earning capacity has not been diminished by this accident.

26. Libellant was born on February 26, 1911, is well-built, has had a grade school education and, to the extent that he was physically able to do the manual labor required in ship cleaning work prior to the time of the accident, that ability has not been impaired by the results of this accident.

27. The damages suffered by the libellant as a result of his injuries and due to the fault of the respondent, including loss of earnings while he was necessarily absent from work as a result of the injuries, medical expenses, and pain and suffering, including an allowance for some minor future inconvenience amount to $8,500.

### Conclusions of Law

I adopt as my conclusions of law libellant's requested conclusions of law Nos. 1 to 8 inclusive.

9. The libellant is entitled to judgment in the amount of $8,500 against respondent, Pope and Talbot, Inc.